**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58620-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| LOUIS EDWARD GALEGHER | |
| Appellant. | |

MAXA, J. – Louis Galegher appeals his conviction of four counts of delivery of a controlled substance. Galegher and two confidential informants (CIs) exchanged Facebook and text messages to set up drug transactions. Galegher argues that the trial court erred when it admitted messages from the nontestifying CIs to Galegher, which he claims constituted hearsay.

We hold that the trial court correctly determined that the messages from the CIs were not hearsay because they were offered not for the truth of the matter asserted. They were offered to show the context of Galegher's messages, which were not hearsay, and to demonstrate the effect of the messages on Galegher. Accordingly, we affirm Galegher's convictions.

FACTS

The Thurston County Narcotics Task Force used two CIs to conduct three controlled "buy-walks" involving Galegher. In a controlled buy-walk operation, a CI purchases controlled substances from a suspected drug dealer.

During the buy-walks, Galegher sold heroin and methamphetamine to the CIs. Based on these buy-walks, the State charged Galegher with four counts of delivery of a controlled substance.[1]

At trial, the CIs did not testify. The State offered as exhibits screenshots of Galegher's Facebook message and text message exchanges with the CIs in which they arranged the drug transactions. Before trial, the parties addressed the admissibility of one of the exhibits, exhibit 2, which was a screenshot of Facebook messages between Galegher and a CI. Galegher objected to exhibit 2 on the grounds that the CIs' out-of-court statements constituted hearsay. The State argued that the messages from the CIs were not being offered for the truth of the matter asserted, but to provide context for Galegher's messages. The State did not object to the trial court giving a limiting instruction regarding the exhibits.

Galegher's counsel then stated:

So, Your Honor, maybe I'm paraphrasing in my head, but it sounds to me like what Ms. McMullen's suggesting is the statements that are not attributable to my client are offered for essentially effect on listener that my client's responding to it. And so if that is the limited purpose for which it would be offered, *I don't know that my objection on hearsay grounds would be well founded so long as the Court does give a limiting instruction*.

Rep. of Proc. (RP) at 67-68 (emphasis added).

The trial court overruled Galegher's hearsay objection and stated that it would admit exhibit 2 with a limiting instruction that could be agreed to later.

During trial, Galegher objected to admission of several exhibits showing message exchanges between Galegher and the CIs. The trial court overruled these objections. The court gave the following limiting instructions in its jury instructions:

---

[1] The State also charged Galegher with other offenses unrelated to the buy-walks. Galegher is not appealing those convictions.

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of statements purportedly made by CS #014 in Exhibits 2 and 215, and this evidence may be considered by you only for the purpose of providing context for any statements made by other individual in that exhibit. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

Clerk's Papers (CP) at 253.

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of statements purportedly made by CS #029 in Exhibits 15, 16, 24, 216, and 217, and this evidence may be considered by you only for the purpose of providing context for any statements made by other individual in those exhibits. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

CP at 254.

The jury found Galegher guilty of four counts of delivery of a controlled substance. Galegher appeals his convictions.

## ANALYSIS

Galegher argues that the trial court erred in admitting screen shots of Facebook and text message exchanges between Galegher and the CIs because the message from the CIs constituted hearsay. We disagree.

A.  LEGAL PRINCIPLES

"Hearsay" is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay evidence generally is not admissible unless it falls within a recognized exception to the hearsay rule. ER 802. However, a party's statement offered against that party is not hearsay. ER 801(d)(2).

Statements are not hearsay if they are not offered to prove the truth of the matter asserted. *State v. Chambers*, 134 Wn. App. 853, 859, 142 P.3d 668 (2006). Statements also are not hearsay if used to provide context for the defendant's statements. *See State v. Demery*, 144

Wn.2d 753, 761-62, 30 P.3d 1278 (2001). In addition, statements are not hearsay if used only to show the effect on the listener without regard to the truth of the statement. *State v. Heutink*, 12 Wn. App. 2d 336, 356-57, 458 P.3d 796, 807 (2020).

"[W]hen the trial court admits third party statements to provide context to a defendant's responses, the trial court should give a limiting instruction to the jury, explaining that only the defendant's responses, and not the third party's statements, should be considered as evidence." *Demery*, 144 Wn.2d at 761-62.

We review de novo whether a statement constitutes hearsay. *State v. Carte*, 27 Wn. App. 2d 861, 877-78, 534 P.3d 378 (2023), *review denied*, 2 Wn.3d 1017 (2024).

B.    ANALYSIS

As noted above, Galegher's messages to the CIs are not hearsay because Galegher is a party. ER 801(d)(2). The issue is whether the CIs' messages to Galegher are hearsay.

The purpose of the exhibits containing the CIs' messages was to provide context for Galegher's statements to the CIs and to show the effect of the messages on Galegher. The truth of the messages was immaterial. They were admitted only to show that Galegher was setting up meetings to sell drugs. Therefore, the messages were not hearsay because they were not offered to prove the truth of the matter asserted.

Further, the trial court gave limiting instructions stating that the only purpose of the exhibits containing the CIs' messages was to provide context for Galegher's statements. Galegher argues that the limiting instructions were inadequate, but the court gave the limiting instructions that Galegher proposed.

We hold that the trial court did not err in admitting the exhibits containing the CIs' messages.

CONCLUSION

We affirm Galegher's convictions.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
VELJACIC, A.C.J.

_____
GLASGOW, J.